IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | |
| ) | |
| GARY WAYNE HEDRICK, SR. and ) | |
| REBECCA LYNN HEDRICK, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| GARY WAYNE HEDRICK, SR. and ) | |
| REBECCA LYNN HEDRICK, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-749-GPM |
| ) | |
| DONALD M. SAMSON, As Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Appellee. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This bankruptcy appeal came before the Court for oral argument on June 6, 2011. Having fully considered all the papers on file and the arguments presented, the Court AFFIRMS the judgment of the Bankruptcy Court.

### BACKGROUND

On December 18, 2009, Gary Wayne Hedrick, Sr. and Rebecca Lynn Hedrick (Debtors) filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. There was no request to consolidate the Debtors' estates. The Hedricks listed several household and miscellaneous items as jointly owned property on Schedule B of their petitions, totaling

$2,533.00. Rebecca Hedrick exempted all of that personal property on her Schedule C "wild card" exemption, pursuant to 735 ILCS 5/12-1001(b). That section exempts the debtor's interest in personal property up to $4,000. 735 ILCS 5/12-1001(b). Gary Hedrick did not claim an exemption in any of the jointly owned personal property. On May 3, 2010, Donald M. Samson, as Trustee, objected to Rebecca Hedrick's claim of exemption, arguing that she could exempt only one-half the value of the jointly owned personal property. Debtors did not file a response to the Trustee's objection. The Bankruptcy Court held a hearing on the Trustee's objection, which Debtors attended, on June 1, 2010. Debtors offered no evidence at this hearing, and counsel for Debtors did not call either Mr. or Mrs. Hedrick to testify. The Bankruptcy Court, Judge Laura Grandy, sustained the Trustee's objection, finding that under Illinois law, "as a joint owner of the described personal property Rebecca Hedrick can claim as exempt only her one-half interest in the property." The Bankruptcy Court issued an Order sustaining the Trustee's objection on June 14, 2010.

On June 28, 2010, Debtors filed a motion to vacate that Order pursuant to Federal Rule of Civil Procedure 59 (via Bankruptcy Rule 9023). Debtors argued that there was a presumption that the jointly owned property was owned by both Gary and Rebecca Hedrick in its entirety. Because Gary did not rebut that presumption by claiming any of the property on his exemption, it was error for the Bankruptcy Court to limit Rebecca's interest to 50% of the value of the personal property without an evidentiary hearing. The Trustee responded that the "wild card" exemption only allows exemptions in the debtor's equity interest, not their legal or possessory interest. The Trustee pointed out that Debtors' Rule 59 motion cited only cases involving bank account and motor vehicles–not personal property. The Bankruptcy Court held a hearing on

Debtors' motion July 14, 2010 and issued an Order denying Debtors' motion on August 17, 2010. The Bankruptcy Court questioned Debtors' contention that it was error to deny them an evidentiary hearing–noting that the Debtors had not filed a response to the Trustee's objection, *had* attended a hearing on the objection, and, at the hearing, Debtors' counsel "presented the barest of arguments, unsupported by any citation to authority, and did not ask to have the debtors testify." The Court noted that the Debtors could not use FRCP Rule 59 to adduce evidence or tender legal theories that could have previously been introduced. Further, while the Court agreed with the Debtors that their interest in the household property is defined by Illinois State law, the Court found that Illinois has abolished joint tenancies with the right of survivorship in personal property–unless there is some written instrument or the property falls into a delineated exception. Such exceptions exist for jointly held bank accounts, motor vehicles, real property, shares of stock, and bonds, but not for jointly held household property. 756 ILCS 1005/2(a)-(e). The Bankruptcy Court therefore found that the Debtors did not have a joint tenancy in the personal property, but had a tenancy in common, with each Debtor holding a fractional interest in the property that is presumed to be equal. Rebecca had not presented evidence that she owned a greater share of the property, so she could not claim more than 50% as an exemption. Given that Gary did not claim his 50% share of the household property as exempt, the Trustee was entitled to claim Gary's fractional share.

Debtors present two questions on appeal: (1) was it error to disallow Rebecca Hedrick's claimed exemption without an evidentiary hearing, and (2) can one of the Debtors claim 100% interest in jointly owned personal property on a 735 ILCS 5/12-1001(b) "wild card" exemption. Debtors argue that Rebecca did provide evidence that she owned more than 50% of the personal

property–she claimed 100% on Schedule C. The Trustee argues that the Debtors' Rule 59 motion in the Bankruptcy Court was not a "do-over." At the hearing on the Trustee's objection, Debtors did not present evidence, so, Trustee argues, Debtors could not use Rule 59 to present evidence and legal theory they could have presented at the hearing. The Trustee echoes the Bankruptcy Court's order and argues that the Debtors owned the personal household property as tenants in common, not as joint tenants. As tenants in common, the Debtors each owned an undivided fractional interest in the property, which is presumed to be equal. The Trustee reasons that, while Rebecca may have had an undivided possessory interest in the whole of the personal property, she only had an undivided one-half ownership interest, and the language of the "wild card" exemption only allowed her to exempt her "equity interest."

## ANALYSIS

On appeal from the Bankruptcy Court, this Court reviews findings of fact for clear error and conclusions of law de novo. *In re Davis,* 638 F.3d 549, 553 (7th Cir. 2011). The issues here are legal, not factual: was a separate evidentiary hearing warranted, and what was the nature of the Debtors' tenancy over the household property under Illinois law. *See Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.,* 549 U.S. 443, 450-51 (2007); *In re Howard,* 597 F.3d 852, 855 (7th Cir. 2010) ("[G]enerally…the rights enforced in bankruptcy are rights created by state law."). The Court agrees with the Trustee's arguments and the Bankruptcy Court's conclusion. The Debtors could not have been joint tenants over the household property without some will or other written instrument expressing as much. 765 ILCS 1005/2 ("Except as to executors and trustees, and except also where by will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of

survivorship, the right or incident of survivorship as between joint tenants or owners of personal property is hereby abolished" with certain exceptions including bank accounts, shares of stock/bonds, and real property). They were tenants in common. *Id.* ("[A]ll such joint tenancies or ownerships shall, to all intents and purposes, be deemed tenancies in common."). Consequently, each Debtor held an undivided fractional interest in the property. *See Johnson v. Nationwide Industries, Inc.,* 715 F.2d 1233, 1234 n.3 (7th Cir. 1983) (defining a "tenancy in common" as "a fractional undivided interest"). That interest is presumed to be equal. *See United States v. Craft,* 535 U.S. 274, 279 (2002) ("In order for one tenant to alienate his or her individual interest in the tenancy, the estate must first be severed–that is, converted to a tenancy in common with each tenant possessing an equal fractional share."); *Westerdale v. Grossman,* 728 N.E.2d 67, 69 (Ill.App.Ct. 2000); *La Placa v. La Placa,* 126 N.E.2d 239, 243 (Ill.App.Ct. 1955); *Silverman v. Kristufek,* 44 N.E. 430 (Ill. 1896) ("[A]s a general rule, where a tenancy in common is established, but no proof is made in regard to the relative interests of the several co-tenants, the presumption of law arises that their shares are equal."). Here, Debtors did nothing to rebut that presumption. They presented no evidence during the June 1, 2010 hearing that Rebecca Hedrick held exclusive interest in the property. Rule 59 does not license Debtors to rehabilitate their earlier failure to adduce evidence and/or legal argument. *See Egonmwan v. Cook County Sheriff's Dept.,* 602 F.3d 845, 852 (7th Cir. 2010) ("[M]otions under Rule 59(e) cannot be used to introduce evidence that could have been presented earlier."). Debtors each held an equal interest in the household property listed on Rebecca Hedrick's "wild card" exemption list. They had an opportunity to prove that Rebecca Hedrick had 100% equity interest in that personal property, but did not do so.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Order and Judgment of the Bankruptcy Court. Judgment will enter accordingly.

**IT IS SO ORDERED.**

DATED: June 7, 2011

s/ *G. Patrick Murphy*  
G. PATRICK MURPHY  
United States District Judge